UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRIENDS OF THE EARTH,<br><br>      Plaintiff(s),<br> v.<br><br>WESTERN TOWBOAT COMPANY,<br><br>      Defendant(s). | CASE NO. C25-1214-KKE<br><br>ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT |

   This matter comes before the Court on Plaintiff Friends of the Earth's ("Friends") motion for leave to file an amended and supplemental complaint under Federal Rule of Civil Procedure 15 (the "Motion"). Dkt. No. 8. Defendant Western Towboat Company ("Western Towboat") does not oppose the Motion. *Id.* at 2.

   Rule 15(a)(2) requires courts to "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this rule, courts may decline leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court need not consider every factor, and "prejudice to the opposing party[] carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Friends of the Earth has not amended the complaint previously and this case

is in its earliest stages. Western Towboat has not yet appeared or filed a responsive pleading. And Friends' motion is unopposed. Accordingly, the Court finds no evidence of undue delay, bad faith, or prejudice to Western Towboat.

Friends' proposed amended and supplemental complaint adds International Materials, LLC ("International Materials") as a defendant. Under Federal Rule of Civil Procedure 20, additional defendants may be joined in a single action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). If these requirements are met, a district court must still "examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1277 (9th Cir. 2000). "Permissive joinder is to be liberally construed to promote the expeditious determination of disputes, and to prevent multiple lawsuits." *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015).

Friends' claims against International Materials arise out of the same occurrences as its claims against Western Towboat, and there are common questions of law and fact. Friends alleges both companies participated in bulk materials shipping operations on Puget Sound that resulted in the discharge of pollutants in violation of section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a). Dkt. No. 8-1 ¶ 1. In particular, Friends alleges Western Towboat "owns, operates, and leases" the "tugboats and barges that assist with International Materials' ship-to-ship transfers," which allegedly caused the discharges. *Id.* ¶¶ 1, 31. Joinder would not prejudice International Materials. Instead, it would promote the expeditious determination of Friends' claims against both companies in a single lawsuit. International Materials may be joined under Rule 20(a)(2).

ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT - 2

Finally, Friends' proposed amended and supplemental complaint contains allegations about Friends' compliance with the Clean Water Act's statutory notice requirements that post-date the filing of the original complaint. *See* Dkt. No. 8-1 ¶¶ 6–7. Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." District courts have "broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). And permitting supplemental pleadings is "favored," particularly when it "promote[s] the economical and speedy disposition of the controversy." *Id.*; *see also William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1982) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed."). Here, Friends' proposed amendments promote judicial economy by allowing resolution of its claims against Western Towboat and International Materials in a single action.

For these reasons, the Court grants the Motion and orders Friends to file its First Amended and Supplemental Complaint on or before October 3, 2025.

Dated this 19th day of September, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT - 3